**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Maggie Janet LOPEZ, Defendant–
Appellant.**

No. 00–50758.
D.C. No. CR 00–00266–DDP.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002 *.

Decided Jan. 23, 2002.

Before KLEINFELD, HAWKINS and SILVERMAN, Circuit Judges.

MEMORANDUM **

Maggie Janet Lopez appeals her 41–month sentence imposed following a guilty plea conviction for possession of pseudoephedrine, a listed chemical, with intent to manufacture a controlled substance, in violation of 21 U.S.C. § 841(d)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Lopez contends that the district court erred by applying a three-level, rather than a four-level, sentence adjustment for her role in her husband's drug enterprise. We review for clear error, *see United States v. Pizzichiello*, 272 F.3d 1232, 1237 (9th Cir.2001), and we disagree.

The record shows that Lopez had some knowledge of the scope of her husband's drug enterprise and the activities of others involved in the scheme. Lopez also admitted to "washing"[1] pills and receiving money for that activity. Considering these facts, we conclude that the district court did not clearly err when it declined to decrease Lopez's sentence an additional level for a minimal role adjustment. *See* U.S.S.G. § 3B1.2, comment. (n.1) (indicating knowledge or understanding of the scope and structure of the enterprise and of the activities of others suggests that a defendant was more than a minimal participant); U.S.S.G. § 3B1.2 (stating a three-level decrease is appropriate where defendant's role falls between a minimal and minor participant).

Lopez also contends that her counsel was ineffective at her change of plea and sentencing hearings. Because the record is not sufficiently developed on Lopez's ineffective assistance of counsel claims, we decline to address them on direct appeal. *See United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000) ("[Claims of ineffective assistance of counsel] normally should be raised in habeas corpus proceedings, which permit counsel to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted.").

AFFIRMED.

---

1. "Washing" is a term used to describe the process of extracting pseudoephedrine, an essential precursor chemical used to manufacture methamphetamine, from pills.